UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff-Respondent, )<br>)<br>v. )<br>)<br>BRADLEY REDDY, )<br>)<br>Defendant-Petitioner. ) | Case No. 2:16-cr-20023-SLD-EIL |

ORDER

Before the Court are Defendant-Petitioner Bradley Reddy's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("Pro Se 2255 Motion"), ECF No. 27, counseled Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255 ("Motion to Vacate"), ECF No. 29, and motion for a status conference, ECF No. 32. For the reasons that follow, the Pro Se 2255 Motion is WITHDRAWN, the Motion to Vacate is DENIED, and the motion for a status conference is MOOT.

BACKGROUND

On March 2, 2016, a grand jury indicted Reddy on one count of possession of 50 grams or more of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(viii). Indictment 1, ECF No. 1. The Federal Public Defender's office was appointed to represent Reddy with Assistant Federal Public Defender Elisabeth Pollock serving as lead counsel. Mar. 9, 2016 Min. Entry. On June 24, 2016, the Government filed an information pursuant to 21 U.S.C. § 851 notifying Reddy and United States District Judge Colin Bruce, who was then presiding over the case, that it intended to rely on Reddy's prior conviction for possession of a controlled substance in Vermilion County, Illinois to subject to Reddy to a ten-year mandatory minimum under 21 U.S.C. § 841(b)(1)(B). Information 1, ECF No. 10.

On July 27, 2016, Reddy entered a plea of guilty to the charge against him pursuant to a plea agreement. July 27, 2016 Min. Entry; Plea Agreement, ECF No. 11. The parties agreed pursuant to Federal Rules of Criminal Procedure 11(c)(1)(C) that the appropriate sentence was 120 months of imprisonment, an eight-year term of supervised release, no fine, and a $100 special assessment. Plea Agreement ¶ 11. Judge Bruce accepted Reddy's guilty plea on August 16, 2016. Order Approving Magistrate Judge Recommendation 1, ECF No. 16.

Judge Bruce accepted the plea agreement and sentenced Reddy to 120 months of imprisonment and eight years of supervised release on December 5, 2016. Dec. 5, 2016 Min. Entry; Judgment 1–3, ECF No. 22. Judgment was entered on December 8, 2016. Judgment 1. Reddy did not appeal.

In October 2020, Reddy filed the Pro Se 2255 Motion, which raises various claims relating to Judge Bruce's *ex parte* communications with the United States Attorney's Office for the Central District of Illinois. Pro Se 2255 Mot. 4–8.[1] Judge Bruce recused himself from hearing Reddy's motion, and the case was reassigned to this Court. Oct. 19, 2020 Text Order of Recusal.

The Court appointed counsel to represent Reddy. Oct. 26, 2020 Text Order. On December 18, 2020, Reddy, through counsel, filed the Motion to Vacate in which he "withdr[e]w[] the arguments asserted" in the Pro Se 2255 Motion. Mot. Vacate 1. He asserts instead that he received ineffective assistance of counsel because Pollock failed to object to the § 851 information and to his being subject to a mandatory minimum ten-year sentence based on his prior conviction. *See id.* at 1–3.

---

[1] The Court uses the page numbers generated by CM/ECF because the Pro Se 2255 Motion is not consistently paginated.

The Government argues in response that Reddy's motion is untimely, that he "procedurally defaulted and waived the substantive argument, and [that] his claim has no merit." Resp. 6, ECF No. 31.

## DISCUSSION

### I.  Legal Standard

A prisoner in federal custody may move the court that imposed his sentence to vacate, set aside, or correct it.  28 U.S.C. § 2255(a).  "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).  Accordingly, such relief "is available only when the 'sentence was imposed in violation of the Constitution or laws of the United States,' the court lacked jurisdiction, the sentence was greater than the maximum authorized by law, or it is otherwise subject to collateral attack."  *Torzala v. United States*, 545 F.3d 517, 521 (7th Cir. 2008) (quoting 28 U.S.C. § 2255(a)).

### II.  Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act, a federal prisoner seeking to vacate his sentence under § 2255 has one year to do so, from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Judgment was entered on Reddy's conviction on December 8, 2016. *See* Judgment 1. His conviction became final when his time to appeal passed on December 22, 2016. *See Moshier v. United States*, 402 F.3d 116, 118 (2d Cir. 2005) ("[A]n unappealed federal criminal judgment becomes final when the time for filing a direct appeal expires."); Fed. R. App. P. 4(b)(1)(A)(i) (providing that a criminal defendant has fourteen days from the entry of judgment to appeal); *cf. Clay v. United States*, 537 U.S. 522, 532 (2003) (holding that a conviction becomes final when the time for seeking direct review expires). Under § 2255(f)(1), then, Reddy had until December 22, 2017 to file a § 2255 motion. Neither the Pro Se 2255 Motion nor the Motion to Vacate were filed within that time limit. Instead, they were filed almost three years later in 2020.

Reddy does not contend that any other provision of § 2255(f) applies. In fact, he did not address timeliness in the Motion to Vacate and chose not to file a reply addressing the Government's invocation of the statute of limitations. The Government argues that no other provision of § 2255(f) applies, Resp. 8–11, and the Court agrees. Reddy does not contend that governmental action created an impediment to his filing a § 2255 motion, so § 2255(f)(2) does not apply. He does not rely on a right "newly recognized by the Supreme Court," so § 2255(f)(3) does not apply. And he does not rely on any facts that were discovered within the year prior to his filing his motion, so § 2255(f)(4) does not apply. Though his ineffective assistance of counsel claim is based on a new case, *United States v. Ruth*, 966 F.3d 642 (7th Cir. 2020), new legal precedent is not a new fact for purposes of § 2255(f)(4). *See Sanchez v. United States*, Case No. 3:22-CV-1400-NJR, 2022 WL 17851624, at *2 (S.D. Ill. Dec. 22, 2022) (concluding that *Ruth* was not a new fact for § 2255(f)(4)); *cf. Lo v. Endicott*, 506 F.3d 572, 575–76 (7th Cir.

4

2007) (finding a "state court decision modifying substantive law" did not constitute a "fact[]" for purposes of 28 U.S.C. § 2244(d)(1)(D) unless it was in the prisoner's "own litigation history" as a determination otherwise would "swallow up the specifically delineated limitation[]" in 28 U.S.C. § 2244(d)(1)(C) for "constitutional right[s] recognized by the Supreme Court").

Because the Court finds that Reddy's motion was untimely filed, it need not address the Government's other arguments.

### III. Certificate of Appealability

When a district court enters a final order adverse to an applicant, it must issue or deny a certificate of appealability. Rule 11(a), Rules Governing § 2255 Proceedings. A court can grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where, as here, the "court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," the court may grant a certificate of appealability only if the petitioner makes a substantial showing of the denial of a constitutional right and "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not debate the correctness of the Court's ruling that Reddy's motion is untimely. The Court therefore declines to issue a certificate of appealability.

### CONCLUSION

Accordingly, Defendant-Petitioner Bradley Reddy's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, ECF No. 27, is WITHDRAWN. His counseled Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255, ECF No. 29, is DENIED. His motion for a status conference, ECF No. 32, is MOOT in light of this

Order. The Clerk is directed to enter judgment and close the accompanying civil case, No. 2:20-cv-02299-SLD.

    Entered this 31st day of March, 2023.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE
